UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

——

| | | |
|---|---|---|
| PATRICK K. COLE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-0605 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| JAMES BEARINGER, | ) | |
| | ) | |
| Defendant. | ) | |
| ——————————————— | ) | |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.       Factual Allegations

Plaintiff is currently incarcerated in the Southern Michigan Correctional Facility. Plaintiff pled guilty in Kent County Circuit Court to two counts of kidnaping and two counts of criminal sexual conduct in the first degree. He was sentenced on July 27, 1995, to concurrent prison terms of thirty to fifty years for each count of kidnaping and thirty to fifty years for each count of criminal sexual conduct in the first degree as a second habitual offender.

The State of Michigan appointed Defendant James Bearinger as appellate counsel for Plaintiff. The deadline for filing a delayed application for leave to appeal with the Michigan Court of Appeals expired on July 27, 1996. On October 16, 1996, Defendant Bearinger filed an application for leave to appeal with the Michigan Court of Appeals. The court dismissed the application for leave to appeal because Plaintiff failed to file within the twelve-month period as required by Michigan Court Rule 7.205(F)(3). Plaintiff claims Defendant Bearinger violated his due process and equal protection rights by failing to file a timely application for leave to appeal.`

On December 30, 1997, the Michigan Supreme Court denied Plaintiff's application for leave to appeal. Following the Michigan Supreme Court's decision, Plaintiff filed a motion for relief from judgment and appointment of counsel in Kent County Circuit Court on July 30, 1998, requesting relief due to Defendant Bearinger's failure to file a timely application for leave to appeal. The Kent County Circuit Court denied Plaintiff's motion on September 24, 1998.

On August 3, 2000, Plaintiff filed a grievance with the Michigan Appellate Assigned Counsel System (MAACS) against Defendant Bearinger for his failure to comply with several standards of the Minimum Standards for Indigent Criminal Appellate Defense Services. Mainly,

Defendant Bearinger failed to interview Plaintiff prior to filing an appeal, did not file a timely

application for leave to appeal in the Michigan Court of Appeals and failed to accurately inform

Plaintiff of the disposition of his case.  MAACS held that the aforementioned violations did not

warrant removal of Defendant Bearinger from the roster of attorneys eligible to accept criminal

appellate assignments.

       For relief, Plaintiff requests (i) Defendant Bearinger be denied summary judgment

as to Plaintiff's due process and equal protection claims; (ii) a declaratory judgment that MAACS's

policies violated the Plaintiff's Fourteenth Amendments rights, (iii) an injunction against Defendant

Bearinger from violating the Minimum Standards for Indigent Criminal Appellate Defense Services

in the future, (iv) an order releasing Plaintiff on bond and (v) an order appointing counsel for

Plaintiff.

       II.       <u>Failure to state a claim</u>

       A complaint fails to state a claim upon which relief can be granted when it is clear

that no relief could be granted under any set of facts that could be proved consistent with the

allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a

claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal

Constitution or laws and must show that the deprivation was committed by a person acting under

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d

810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of

substantive rights itself, the first step in an action under § 1983 is to identify the specific

constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges that Defendant Bearinger infringed upon his rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment.  Plaintiff, however, cannot show that his court-appointed attorney acted under color of state law.  In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that defense counsel perform a private, not an official, function:

> In our system, a defense lawyer characteristically opposes the designated representatives of the State.  The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness.  But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing "the undivided interest of his client."  This is essentially a private function, traditionally filled by retained counsel, for which State office and authority are not needed.

454 U.S. at 318-19.  The *Polk County* Court further held that this is true even of the state-appointed and state-paid public defender.  The Court said that once a lawyer undertakes the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serves in a legal aid or defender program.  The Court held that even though a public defender is paid by the state, he or she does not act under color of state law in representing the accused.  Rather, defense counsel—whether privately retained or paid by the state—acts purely on behalf of the client and free from state control.  The Sixth Circuit has adhered to the holding in *Polk County* in numerous unpublished decisions.  *See, e.g.*, *Carswell v. Hughes*, No. 99-1795, 2000 WL 658043, at *1 (6th Cir. May 9, 2000); *Blake v. Kane*, No. 98-4386, 2000 WL 302980, at *1 (6th Cir. March 14, 2000); *Rodgers v. Stacey*, No. 99-3408, 2000 WL 190100, at *1 (6th Cir. Feb. 7, 2000); *Pagani-Gallego v.Escobedo*, No. 97-1640, 1998 WL 381562, at *1 (6th Cir. June 23, 1998); *Watson v. Career*, No. 99-5319, 1999 WL1282433, at *1 (6th Cir. Dec. 27, 1999); *Carson v. Giovanni*, No. 88-1412, 1988 WL 107376, at *1 (6th Cir. Oct. 14, 1988).  Accordingly, Plaintiff's court-appointed

attorney does not act under color of state law, and no claim under § 1983 can be maintained against him.

As Plaintiff asserts claims of legal malpractice for Defendant Bearinger's failure to timely file Plaintiff's application for leave to appeal in the Michigan Court of Appeals, these claims arise solely under state law.  Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).  The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion General Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993);  *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-*2 (6th Cir. June 18, 1998).  As a result, these claims will be dismissed without prejudice.

Plaintiff's request to be released on bond pending resolution of this matter is moot. The prisoner seeking release on bond "must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of some 'circumstance making the [motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Dotson v. Clark,* 900 F.2d 77, 79 (6th Cir. 1990)(quoting *Aronson v. May,* 83 S. Ct. 3, 5 (1964)(Douglas, J., in chambers)).  Because Plaintiff fails to state a claim upon which relief may be granted, his request to be released on bond fails the *Dotson* two-prong test.  Therefore, Plaintiff's request will be denied.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the

Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant

to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith

within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

(6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no

good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255

appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is

barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:  November 18, 2005                      /s/ Gordon J. Quist
                                                GORDON J. QUIST
                                                UNITED STATES DISTRICT JUDGE